UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ENFAMIL LIPIL MARKETING AND SALES PRACTICES LITIGATION, MDL No. 2222 | Case No. 0:11-MD-02222-JIC<br><br>CLASS ACTION |
| THIS DOCUMENT RELATES TO:<br><br>*Nelson v. Mead Johnson & Company, LLC*, No. 09-61625-CIV-COHN/SELTZER | |

ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT,
CONDITIONALLY CERTIFYING THE CLASS,
PROVIDING FOR NOTICE AND SCHEDULING ORDER

WHEREAS, Plaintiff[1] Allison Nelson ("Plaintiff" or "Nelson") in this action entitled *Nelson v. Mead Johnson & Company, LLC*, Case No. 09-cv-61625-JIC (S.D. Fla.) (the "Action") and Mead Johnson & Company LLC ("Defendant" or "Mead Johnson") have entered into a Stipulation of Settlement, filed March 15, 2011 (the "Stipulation"), after lengthy arms-length settlement discussions;

AND, WHEREAS, the Court has received and considered the Stipulation, including the accompanying exhibits;

AND, WHEREAS, the Parties have made an application, pursuant to Federal Rules of Civil Procedure, Rule 23(e), for an order preliminarily approving the settlement of this Action, and for its dismissal with prejudice upon the terms and conditions set forth in the Stipulation;

AND, WHEREAS, the Court has reviewed the Parties' application for such order, and has found good cause for same.

NOW, THEREFORE, IT IS HEREBY ORDERED:

A.   **The Settlement Class Is Certified**

1.   Pursuant to Federal Rules of Civil Procedure, Rule 23, and for settlement purposes only, the Court hereby certifies this Action as a class action on behalf of the following Class:

> All purchasers of Enfamil LIPIL® infant formula in the United States between October 13, 2005, through and including March 31, 2010. Excluded from the Class are those who received Enfamil LIPIL® through the United States Department of Agriculture's Women, Infants, and Children program ("WIC") and those who purchased for the purpose of resale.

2.   With respect to the Class, the Court preliminarily finds the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met, in that: (a) the Class is so numerous that joinder of all individual Class members in the Action is impracticable; (b) there are questions of law and fact common to the Class and

---

[1]   All defined terms contained herein shall have the same meanings as set forth in the Stipulation of Settlement ("Stipulation").

those common questions of law and fact predominate over any individual questions; (c) the claims of the class representative are typical of the claims of the Class; (d) the class representative and Class Counsel will fairly and adequately represent the interests of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby appoints the Plaintiff in the Action as class representative of the Class.

4.  Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court hereby appoints Class Counsel to represent the Class.

**B.     The Stipulation Is Preliminarily Approved and Final Approval Schedule Set**

5.  The Court hereby preliminarily approves the Stipulation and the terms and conditions of settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

6.  The Court has conducted a preliminary assessment of the fairness, reasonableness and adequacy of the Stipulation, and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval. The Court therefore preliminarily approves the proposed settlement as set forth in the Stipulation.

7.  Pursuant to of the Federal Rules of Civil Procedure, Rule 23(e) the Court will hold a final approval hearing (the "Final Approval Hearing") on September 26, 2011, at 9:00 a.m., in the Courtroom of the Honorable James I. Cohn, United States District Court for the Southern District of Florida, 299 East Broward Boulevard, Room 203, Fort Lauderdale, Florida 33301, for the following purposes:

    (a)     finally determining whether the Class meets all applicable requirements of Federal Rules of Civil Procedure, Rule 23, and, thus, whether the Class claims should be certified for purposes of effectuating the settlement; determining whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate and should be approved by the Court;

2

    (b) considering the application of Class Counsel for an award of attorneys' fees and expenses as provided for under the Stipulation;

    (c) considering the application of Plaintiff for plaintiffs' incentive awards, as provided for under the Stipulation;

    (d) considering whether the Court should enter the Proposed Judgment and Final Order;

    (e) considering whether the release by the Class Members of the Released Claims as set forth in the Stipulation should be provided; and

    (f) ruling upon such other matters as the Court may deem just and appropriate.

  8. The Court may adjourn the Final Approval Hearing and later reconvene such hearing without further notice to the Class Members.

  9. The Parties may further modify the Stipulation prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the settlement provided thereunder. The Court may approve the Stipulation with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Class Members.

  10. Class Members must file and serve any objections to the proposed settlement no later than 35 days prior to the date for the Final Approval Hearing [August 22, 2011], as set forth in paragraph 7, above, including any memorandum and/or submissions in support of said objection, which deadline will be set forth in the Class Notice.

  11. All papers in support of the Settlement and any application for an award of attorneys' fees and expenses and/or class representative incentive awards must be filed with the Court and served at least 14 days prior to the objection deadline [August 8, 2011]. All reply papers in support of the Settlement and in response to objections, if any, shall be filed no later than 14 days after the objection deadline [September 6, 2011].

### C.     The Court Approves the Form and Method of Class Notice

12.     The Court approves, as to form and content, the proposed Notice of Class Action Settlement, the Postcard Notice, the Email Notice and the Publication Notice (collectively the "Class Notice"), which are Exhibits B - E, respectively, to the Stipulation of Settlement.

13.     The Court finds that the distribution of Class Notice substantially in the manner and form set forth in ¶¶ 12-17 of this Order and in the Stipulation of Settlement (and the exhibits to the Stipulation of Settlement) meet the requirements of Federal Rules of Civil Procedure, Rule 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

14.     The Court approves the designation of Rust Consulting, Inc. (and any subcontractors Rust may select) to serve as the Court-appointed Claims Administrator for the settlement. The Claims Administrator shall disseminate Class Notice and supervise and carry out the notice procedure, the processing of claims and other administrative functions, and shall respond to Class Member inquiries, as set forth in the Stipulation and this Order under the direction and supervision of the Court.

15.     The Court directs the Claims Administrator to establish a Settlement Website, making available copies of this Order, Class Notice, and the Claim Form that may be downloaded and submitted online or by mail, the Stipulation and all Exhibits thereto, frequently asked questions, a toll-free hotline, and such other information as required under the Stipulation or agreed to by Defendant's Counsel and Class Counsel. The Claim Form shall be made available to Class Members through the Settlement Website, on the websites of Class Counsel at their options, and by calling the toll-free number to request a Claim Form, no later than the Notice Date as defined below, and continuously thereafter throughout the Claim Submission Period.

16.     The Claims Administrator is ordered to provide Class Notice no later than 65 days before the Final Approval Hearing (the "Notice Date") [July 22, 2011].

17. The costs of the Class Notice, processing of claims, creating and maintaining the Settlement Website, and all other reasonable Claims Administrator and Class Notice expenses shall be paid in accordance with the applicable provisions of the Stipulation.

**D.  Procedure for Class Members to Participate in the Settlement**

18. All Class Members shall be bound by all determinations and judgments in the Action concerning the settlement, whether favorable or unfavorable to the Class.

19. The Court approves the Parties' proposed form of the Claim Form. Any Class member who wishes to receive benefits from the settlement shall complete a Claim Form in accordance with the instructions contained therein and submit it to the Claims Administrator no later than 60 days after the date set herein for the Final Approval Hearing [November 25, 2011].

20. The Claims Administrator shall have the authority to accept or reject claims in accordance with the Stipulation, including the Claim Administration Protocols.

21. For eligible Class Members who submitted a Claim Form requesting cash, the Claims Administrator shall send payment or, as applicable, a letter explaining the rejection of the claim, within 150 days after the Effective Date of the Settlement. For eligible Class Members who submitted a Claim Form requesting Product, Mead Johnson shall send the Product to those Class Members within 150 days after the Effective Date of the Settlement. For eligible Class Members who submitted a Claim Form requesting Product and whose claims were rejected by the Claims Administrator, the Claims Administrator shall send a letter explaining the rejection of the claim, within 150 days after the Effective Date of the Settlement.

22. Notwithstanding the foregoing paragraph, if the Effective Date of the Settlement occurs more than 15 days after the Claims Administrator has delivered the Distribution Plan to Class Counsel and Defendant's Counsel, then all required cash payments, Product deliveries and rejection communications shall be made to class members within 60 days after the Effective Date of the Settlement.

23. Any Class Member may enter an appearance in the Action, at his or her own expense, individually or through counsel. All Class Members who do not enter an appearance will be represented by Class Counsel.

### E. Procedure for Requesting Exclusion from the Class

24. Any Person falling within the definition of the Class may, upon his or her request, be excluded from the Class. Any such Person must submit a completed request for exclusion to the Claims Administrator postmarked or delivered no later than 35 days before the Final Approval Hearing (the "Opt-Out and Objection Deadline") [August 22, 2011], as set forth in the Class Notice. Requests for exclusion purportedly filed on behalf of groups of persons are prohibited and will be deemed to be void.

25. Any Class member who does not send a completed, signed request for exclusion to the Claims Administrator postmarked or delivered online on or before the Opt-Out and Objection Deadline will be deemed to be a Class Member for all purposes and will be bound by all further orders of the Court in this Action and by the terms of the settlement, if finally approved by the Court. The written request for exclusion must request exclusion from the Class, must be signed by the potential Class Member and include a statement indicating that the Person is a member of the Class. All Persons who submit valid and timely requests for exclusion in the manner set forth in the Stipulation shall have no rights under the Stipulation and shall not be bound by the Stipulation or the Final Judgment and Order.

26. A list reflecting all requests for exclusions shall be filed with the Court by Defendant at or before the Final Approval Hearing.

### F. Procedure for Objecting to the Settlement

27. Any Class Member who desires to object either to the settlement, attorneys' fees and expenses, or class representative incentive awards must timely file with the Clerk of this Court and timely serve on the Parties' counsel, by hand, commercial express, or first-class mail, a notice of the objection and proof of membership in the Class and the grounds for such objections, together with all papers that the Class Member desires to submit to the Court no later

than 35 days prior to the Final Approval Hearing [August 22, 2011]. The Court will consider such objection and papers only if such papers are received by the Clerk of the Court, by Class Counsel and by Mead Johnson's Counsel on or before the Opt-Out and Objection Deadline provided in the Class Notice. In addition to the Clerk of the Court, such papers must be sent to each of the following persons:

>Timothy G. Blood
>Blood Hurst & O'Reardon, LLP
>600 B Street, Suite 1550
>San Diego, CA  92101
>Telephone: 619/338-1100
>
>Gail Gottehrer
>Axinn Veltrop Harkrider, LLP
>90 State House Square
>Hartford, CT 06103
>Telephone: 860/275-8100

28.     All objections must include the case name and number, the name, address, and telephone number of the Person submitting the objection, and the submitting Person's signature. Each Person submitting an objection must state whether he or she (or his or her attorney) intends to appear at the Final Approval Hearing.

29.     Objections received after the Opt-Out and Objection Deadline will not be considered at the Final Approval Hearing.

30.     Attendance at the Final Approval Hearing is not necessary; however, any Class Member wishing to be heard orally with respect to approval of the settlement is required to provide written notice of his or her intention to appear at the Final Approval Hearing no later than the Opt-Out and Objection Deadline as set forth in the Class Notice. Class Members who do not oppose the settlement need not take any action to indicate their approval. A Class Member's failure to submit a written objection in accordance with the Opt-Out and Objection Deadline and the procedure set forth in the Class Notice waives any right the Class Member may have to object to the settlement, attorneys' fees and expenses, or plaintiffs' incentive awards, or to appeal or to seek other review of the Final Judgment and Order.

31. Pending a final determination of whether the Settlement should be approved, Class Members who have not filed valid and timely requests for exclusion from the Class are enjoined from bringing any action or asserting any claim that is not already pending as of the date of this Order and that is, or could have been, asserted in this Action.

32. The parties to the Enfamil Lawsuits other than this Action have requested that those cases be stayed until final approval of the Settlement by the Court, at which time the Final Judgment and Order will be entered by the Court, providing for the dismissal of this Action with prejudice and providing that, by operation of law, the other Enfamil Lawsuits (against all defendants) are dismissed with prejudice. Defendant has consented to those cases being stayed. Accordingly, it is hereby ordered that the Enfamil Lawsuits, with the exception of this Action, are stayed until further Order of this Court.

IT IS SO ORDERED.

DATED: 3/18/11

THE HONORABLE JAMES I. COHN
UNITED STATES DISTRICT COURT JUDGE

Submitted by: