UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-MD-02222-COHN/SELTZER

IN RE: ENFAMIL LIPIL MARKETING
AND SALES PRACTICES LITIGATION
MDL 2222
_____

**DEFENDANT'S MEMORANDUM IN SUPPORT OF THE JOINT
MOTION FOR A BOND TO SECURE PAYMENT OF COSTS ON APPEAL**

Defendant Mead Johnson & Company LLC ("Mead Johnson") joins Plaintiff Allison Nelson in her Motion for a Bond to Secure Payment of Costs on Appeal and respectfully submits this separate memorandum in support of the motion. The Court has considered the objections filed by Sandra Pack and Margaret Huter and overruled them. If Pack and Huter (collectively "Appellants") wish to continue to pursue those meritless objections on appeal, they should be required to post a bond to cover the settlement administration costs that will be incurred by Mead Johnson during the pendency of those appeals.

The settlement does not become effective, and settlement benefits cannot be distributed, until all appeals have been resolved in favor of the settlement. See Stipulation of Settlement at §§ IX, V.E.1. As a result of the delay caused by Appellants' decisions to appeal the order granting final approval of the settlement, Mead Johnson will have to pay administrative costs to the Court-appointed Claims Administrator throughout the duration of the appeal, which it would not have to pay if the appeals had not been filed. The costs that Mead Johnson will incur include certain monthly fees, including the monthly fee for hosting and maintaining the Settlement Website, the monthly system charge for the toll free settlement number, the monthly data storage fee, and the monthly box storage and shredding fee. Mead Johnson will also incur costs for work the Claims Administrator will need to do during the pendency of the appeal, including project

accounting and administration fees, system management fees, fees associated with updating the information on the Settlement Website and toll free number, and fees for time spent reviewing correspondence and responding to inquiries from class members. See Declaration of Joel Botzet of Rust Consulting, Inc. dated February 7, 2012, ¶¶ 7, 8. The Claims Administrator estimates that Mead Johnson will incur approximately $4,700 in administrative costs each month the appeal is pending. Id., ¶ 6. Assuming that it takes a year for the appeal to be resolved, Mead Johnson will incur approximately $56,400 in administrative costs due to the delay caused by the appeal. In addition, depending on the amount of time it takes to resolve the appeals, it may be necessary for the Claims Administrator to perform a National Change of Address ("NCOA") search to update the mailing addresses of the class members who have submitted claims before distributing the settlement benefits. Id., ¶ 9. Mead Johnson will be required to bear this administrative cost as well.

     Requiring Appellants to post a bond to cover the costs that Mead Johnson will be required to pay to the Claims Administrator will ensure that Mead Johnson will be able to collect these administrative costs of delay from Appellants if they are awarded to Mead Johnson by the Court of Appeals. District courts have required objectors to post bonds to cover these types of administrative costs of delay pursuant to Fed. R. Civ. Pro. 7. See In re Pharm. Indus. Average Wholesale Price Litig., 520 F. Supp. 2d 274, 279 (D. Mass. 2007) (ordering objector to post a $61,000 bond covering "administrative costs attributable to delay in distribution"); In re Broadcom Corp. Sec. Litig., No. 01-cv-275, 2005 U.S. Dist. LEXIS 45656, at *9, 11 (C.D. Cal. Dec. 5, 2005) (ordering objector to post a bond that included $517,700 in "costs of delay and disruption of the settlement administration process," such as "costs of updating addresses and other information needed to remain in contact with Class members, locating lost Class members,

sending notices to Class members to apprise them of Objector's appeal and keep them informed about the status of the appeal, paying monthly fees for maintaining the website created to inform Class members, and providing phone support to answer inquiries from the Class members").

For the reasons set forth herein, Mead Johnson respectfully requests that this Court issue an Order requiring Sandra Pack and Margaret Huter to post a bond in the amount of $61,400 and granting Mead Johnson such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Natalie J. Carlos
Alan Rosenthal
Natalie J. Carlos
CARLTON FIELDS, P.A.
Suite 4200
Miami Tower
100 S.E. Second Street
Miami, FL 33131
Telephone: 305.530.0050
Facsimile: 305.530.0055

Behnam Dayanim (*pro hac vice*)
AXINN VELTROP & HARKRIDER LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: 202.912.4700
Facsimile: 202.912.4701

Gail L. Gottehrer (*pro hac vice*)
John M. Tanski (*pro hac vice*)
AXINN VELTROP & HARKRIDER LLP
90 State House Square, 9th Floor
Hartford, Connecticut 06103
Telephone: 860.275.8100
Facsimile: 860.275.8101

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

   I hereby certify that on February 8, 2012, I caused a copy of the foregoing memorandum to be served via ECF on all counsel of record.

Dated:  February 8, 2012          /s/ Natalie J. Carlos
                     Natalie J. Carlos