UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ENFAMIL LIPIL MARKETING AND SALES PRACTICE LITIGATION MDL 2222<br><br>THIS DOCUMENT APPLIES TO:<br><br>*Allison Nelson v. Mead Johnson & Company, LLC,*<br>No. 09-61625-CIV-COHN/SELTZER | MDL 2222 (Cohn/Seltzer) |

JOINT MOTION AND INCORPORATED MEMORANDUM OF LAW
TO COMPEL OBJECTOR SANDRA PACK
TO COMPLETE HER DEPOSITION AND ANSWER DEPOSITION QUESTIONS

Pursuant to Local Rules 7.1(e) and 26.1(h), and Rules 30 and 37 of the Federal Rules of Civil Procedure, Plaintiff Allison Nelson and Defendant Mead Johnson & Co., LLC, by and through respective counsel, hereby move to compel Objector Sandra M. Pack ("Pack") to complete her deposition and to answer questions that she previously refused to answer at her deposition. Plaintiff and Defendant also seek an award of sanctions against Pack's counsel for interfering with Pack's deposition. This Motion is supported by the following Memorandum of Points and Authorities.

00042524

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   **FACTUAL BACKGROUND**

On February 8, 2012, Plaintiff Allison Nelson and Defendant Mead Johnson & Company, LLC (the "Appellees") filed a Joint Motion for a Bond to Secure Costs on Appeal. [DE 96] On February 22, 2012, Pack's counsel filed an Opposition to Appellees' bond motion. [DE 101] Appellees thereafter obtained and served a subpoena from the district court in the District of Tennessee, requiring Pack to appear and testify at a deposition scheduled for March 1, 2012, in relation to her Opposition to Appellees' bond motion. *See* Subpoena to Testify at a Deposition in a Civil Action, dated February 23, 2012, attached hereto as **Exhibit A**.

On March 1, 2012, Pack appeared at her deposition with her attorney, James Price. Shortly into the deposition, Mr. Price began objecting to questions asked by Plaintiff's counsel, refusing to allow Pack to answer the questions. First, Mr. Price refused to allow Pack to answer questions concerning the merits of her appeal, under the guise of a broad "relevance" objection:

> Q     Okay. What is your understanding of your role in the lawsuit?
>
> MR. PRICE:  *I'm going to object to the relevance of the question.*  When Mr. Wright asked us to get together for a deposition I made it clear to him that what we were here to do today is to ask her questions related to the efficacy of a bond, and we've gone -- I've let you go on and on about other areas, and we need to get to the point and ask her questions related to the bond, or we'll go ahead and stop the deposition.  That's what we're here for.
>
> MR. BUNCH:  Well, as you know – I mean -- and we don't need to get in too much colloquy about this because it's not even supposed to happen, but in this instance I'll share this with you.  Your firm and the plaintiffs' lawyers, or even the joint motion filed for the bond, both relied on the same four factor analysis, one of which is the merits of the appeal, and so I'm entitled to ask her what she understands those merits to be, because if in fact she indicates something that undercuts the merits of your objection, that goes to whether a bond should be imposed.
>
> MR. PRICE:  I don't think that's correct, Van.  And as I told Will when he called me and asked me about this, I told him and sent it to him in writing.  If you want to ask

her about the efficacy of the bond, that's fine.  Otherwise we're going to stop the deposition, so that's totally up to you.

Pack Dep. at 19-20,  Mar. 1, 2012, attached hereto as **Exhibit B** (emphasis added).

Mr. Price later refused to allow Pack to answer questions concerning her motivation for filing the appeal:

> Q      What is it that you want to see happen if your appeal is successful?
>
> MR. PRICE:  I'm going to object again, Van.  If you want to ask her about the bond, ask her about the bond, but we're getting outside the bond, and either we stick to it or we stop.
>
> BY MR. BUNCH:
> Q      Are you going to answer the question?
>
> MR. PRICE:  *No, she's not going to answer the question.*  I told you either ask her about the bond or we'll stop, so that's --

Pack Dep. at 32 (emphasis added).

Ultimately, Mr. Price refused to allow Pack to answer any questions at all, abruptly ending the deposition after just over 30 minutes:

> Q      Mrs. Pack, that's Exhibit 3 to your deposition.  Would you take a minute and just read it to yourself?  And let me know when you're through.
>
> MR. PRICE:  Sandy, don't waste your time.
>
> THE WITNESS:  Okay.
>
> MR. PRICE:  Van, I told you.  This has nothing to do with the bond, and if you want to ask her questions about the bond ask her or we're done.  That's your choice.
>
> MR. BUNCH:  Can I not ask her about Exhibit 3?[1]
>
> MR. PRICE:  No, you can't.

---

[1]  Exhibit 3 is an email from Pack's counsel, Allen McDonald, (who is also her brother) offering to settle Pack's objection for 4.5% of the fee awarded to class counsel, reasoning that another professional objector, John Pentz, has settled objections for similar amounts.

MR. BUNCH: You're not going to let her answer questions about it?

MR. PRICE: I'm not.

MR. BUNCH: And what's the basis for that?

MR. PRICE: Because it has nothing to do with the bond, and that's what I told you, was the only questions that you were going to get to ask her today were about the bond. I told you that before you ever came.

MR. BUNCH: Your response to the motion for the bond says that one of the issues is the merits to the appeal.

MR. PRICE: We told you that the only issues that you would ask her about today were the bond, and you're going beyond that. Van, either you can ask her or we're going to stop.

MR. BUNCH: With all due respect, I think the judge might be interested in knowing whether or not the objector is holding up his settlement is in the role --

MR. PRICE: Now, Van --

MR. BUNCH: -- as an objector because of some genuine meritorious belief that she had that the settlement is inadequate.

MR. PRICE: You can gesticulate all you want, but we're here to ask her questions about the bond. You've stopped. You're not asking her questions about the bond, so we're going to stop the deposition.

MS. GOTTEHRER: Why don't we take a break? We may have additional questions about the bond.

MR. PRICE: No. We're done. I told you.

MS. GOTTEHRER: You're not going to let us have additional questions about the bond?

MR. PRICE: I told you we were going to talk about the bond, and you all have chosen to go well beyond that time and time again.

MS. GOTTEHRER: Well, I'm telling you now that we have additional questions about the bond. You're telling me you're refusing to let her answer those questions?

MR. PRICE: You had your opportunity to ask her those questions. You've had over --

00042524

4

MS. GOTTEHRER:  We've been here for 30 minutes.

MR. PRICE:  You've been here for 45, and on several occasions I've told you to ask her questions about the bond, and you've chosen to go beyond that, so you've had your chance.

MS. GOTTEHRER:  Well, but just to be on the record that we have additional questions specifically about the bond, you're refusing.  We've been here – you were late, so we started about 15 after, and we have not been here 45 minutes.  Will you give us five minutes to ask more questions, or are you going to end this deposition right now?

MR. PRICE:  If you want to give me the list of the questions you want to ask.

MS. GOTTEHRER:  We're not going to give you a list of questions we may ask.

MR. PRICE:  Then we're done.

Pack Dep. at 32-36.

## II.    LEGAL ARGUMENT

### A.    This Court has authority to rule upon the Joint Motion to Compel.

Rule 37 of the Federal Rules of Civil Procedure authorizes motions to compel responses to deposition questions. Fed. R. Civ. P. 37(a)(3).  As a class member, objector and appellant, Pack is a party to this litigation.  *See Devlin v. Scardelletti*, 536 U.S. 1, 9-11 (2002) (finding nonnamed class member who objected to settlement to be a "party" to the litigation because he was "bound by the settlement").  Thus, Appellees' motion to compel is properly before this Court.  *See* Fed. R. Civ. P. 37(a)(2) ("A motion for an order to a party must be made in the court where the action is pending.").

As the court presiding over the MDL, this Court also has authority to enforce the subpoena issued to Pack by the Tennessee district court.  *See In re Asbestos Prods. Liab. Litig.*, 256 F.R.D. 151, 154 (E.D. Pa. 2009) (noting that 28 U.S.C. § 1407 specifically grants district judge in MDL proceedings authority to address motions to compel compliance with subpoenas); *In re Neurontin*

00042524

Case 0:11-md-02222-JIC   Document 106   Entered on FLSD Docket 03/08/2012   Page 6 of 13

*Mktg., Sales Practices, & Prods. Liab. Litig.*, 245 F.R.D. 55, 57 (D. Mass. 2007) (holding that MDL court has jurisdiction to issue orders related to subpoenas issued by another district court); *United States ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.*, 238 F. Supp. 2d 270, 273 (D.D.C. 2002) (holding that MDL court has jurisdiction to entertain motion to compel compliance with subpoena issued by another district court). Additionally, this Court has jurisdiction to resolve the motion to compel because it retained jurisdiction over "Class Members . . . for the purpose of construing, enforcing and administering the Settlement; and [] any and all other matters related to the Settlement." [DE 79 at 8]

> B.   **Mr. Price violated Rule 30(c)(2) by instructing Pack not to answer deposition questions.**

Courts in this district have long recognized that relevancy objections are not a legitimate basis for instructing a deponent not to answer questions. *E.g.*, *Buckley Towers Condo., Inc. v. QBE Ins. Corp.*, No. 07-22988-CIV, 2008 WL 2645680, at *7 (S.D. Fla. June 26, 2008); *Townhouses of Highland Beach Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 06-81132-CIV, 2008 WL 7518377, at *1 (S.D. Fla. Jan. 11, 2008); *Quantachrome Corp. v. Micromeritics Instrument Corp.*, 189 F.R.D. 697, 700 (S.D. Fla. 1999). Indeed, a person may instruct a deponent not to answer a deposition question "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). The Discovery Practices Handbook in this District stresses the importance of not interfering with witness deposition testimony:

> (2) Instruction That a Witness Not Answer. Instructing a witness not to answer is greatly disfavored by the Court, and is a practice which one should use only in an appropriate extraordinary situation, usually involving privilege (see the section of this Handbook concerning the invocation of privilege below). Federal Rule of Civil Procedure 30(d)(1) sets forth the permissible circumstances for such an instruction. ***In most circumstances, if a question is objectionable, a lawyer should simply***

00042524

6

> *object in the proper manner and allow the answer to be given subject to the objection. A lawyer who improperly instructs a witness not to answer runs a serious risk that the lawyer and/or the client may be subject to substantial monetary sanctions, including the cost of reconvening the deposition (travel expenses, attorneys' fees, court reporter fees, witness fees, and the like) in order to obtain the answers to such questions.*

S.D. Fla. Local R. II.B.2, Gen. App. A - Disc. Prac. Handbook (emphasis added).

As set forth above, Mr. Price did not simply object in a proper manner and allow Pack to answer the allegedly objectionable questions. Instead, Mr. Price flatly refused to allow Pack to answer, raising broad and ill-defined relevance objections that have nothing to do with privilege, enforcing a limitation ordered by the court, or presenting a proper Rule 30(d)(3) motion. Because Mr. Price has violated the express terms of Rule 30(c)(2), Appellees' motion to compel should be granted. *Dallas v. Calhoun County Sch. Dist.*, No. 5:10cv258/RS/EMT, 2011 WL 2006290, at *4-*5 (N.D. Fla. May 23, 2011) (granting motion to compel where attorney improperly instructed witness not to answer deposition questions); *accord Brown v. University of Kansas*, No. 10–2606–EFM–KGG, 2012 WL 612512, at *1 (D. Kan. Feb. 27, 2012) (granting motion to compel where instruction not to answer deposition question "was not necessary to protect a privilege, to enforce a court limitation, or to present a motion for protective order"); *Pundt v. Select Portfolio Servicing, Inc.*, No. C10-0159, 2011 WL 6396617, at *2-*4 (N.D. Iowa Dec. 20, 2011) (granting motion to compel where counsel instructed witness not to answer on grounds of privacy, relevance and prejudice).

  **C.** **No substantial justification exists for Mr. Price's interference with Pack's deposition.**

As fully briefed by Appellees' counsel in connection with the bond motion, several factors are pertinent in determining an appropriate appeal bond, including the following: (1) the risk that the appellant would not pay the appellee's costs if the appeal is lost; (2) the appellant's financial

00042524

7

ability to post a bond; (3) whether the appellant has shown bad faith or vexatious conduct; and (4) the merits of the appeal.[2] *See* Appellees' Joint Mot. [DE 96].  The prior actions of appellant's attorneys (*e.g.,* whether they are professional objectors) are also relevant to the bond determination. *See* Notice of Supplemental Authority [DE 100]; *In re Checking Account Overdraft Litig.*, No. 1.09-MD-02036-JLK, 2012 WL 456691, at *2 (S.D. Fla. Feb. 14, 2012).

The deposition questions that Mr. Price refused to allow Pack to answer are directly linked to the factors the Court must consider in ruling on the bond motion.  As set forth above, Plaintiff's counsel asked Pack about her role in the litigation and what she would like to see happen as a result of the appeal.  These questions relate to the merits of the appeal and are probative of whether Pack has acted in bad faith in filing her appeal.  The questions also shed light on whether Pack and/or her counsel are professional objectors, an issue highly relevant to the bond determination. *Checking Account*, 2012 WL 456691, at *2.

Plaintiff's counsel further attempted to ask Pack questions about Exhibit 3.  Exhibit 3 is an email sent by Allen McDonald, an attorney at the Price law firm and the brother of Objector Pack (Pack Dep. at 10), offering to settle the objection for $150,000.  The email is relevant because in opposition to the bond motion, Pack stated that neither she nor her attorneys are professional objectors. [DE at 101 at 1, 2 n. 1] *See also Checking Account*, 2012 WL 456691, at *2 (whether appellant is a professional objector is relevant to appeal bond); DE 100 (Notice of Supplemental Authority) at 5 (considering professional objector status in granting appeal bond).  Yet, Exhibit 3 indicates that Pack was willing to take money to withdraw her objection, without any change to the settlement or benefit to the class members, aside from her own financial benefit.  In Appellees'

---

[2] In opposing the bond motion, Pack's counsel conceded that each of these four factors is indeed relevant to the bond issue. *See* Pack's Opp'n to Joint Mot. for a Bond [DE 101], at 5.

00042524

8

eyes, this is the epitome of a professional objector and Appellees are entitled to ask questions of Pack in this regard.

Finally, due to Mr. Price's interference with the deposition, Appellees were never given the opportunity to ask additional questions clearly pertinent to the appeal bond itself. Such questions include, but are not limited to, the following: (1) what Pack's husband does for a living and what he earns; (2) what the Packs' combined household income is; (3) if Pack has ever filed for bankruptcy, defaulted on a loan or had a judgment against her; (4) if Pack understood that the court of appeals could require her to pay costs if she loses her appeal; and (5) if Pack is prepared to put up the $1,000 bond that she states in her Opposition is an appropriate bond.

### III.   THIS COURT SHOULD AWARD SANCTIONS AGAINST MR. PRICE.

Upon granting a motion to compel, the Court must "require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). Expenses must be awarded unless the conduct of the losing party or person is substantially justified. *See Devaney v. Continental Am. Ins. Co.*, 989 F.2d 1154, 1159 (11th Cir. 1993) (noting that "[t]he rule was toughened in 1970 to mandate that expenses be awarded unless the conduct of the losing party or person is found to have been substantially justified"). Rule 30(d)(2) also provides the Court discretion to impose appropriate sanctions on any person who "impedes, delays, or frustrates the fair examination of [a] deponent." Sanctions under Rule 30(d)(2) do not require a finding of bad faith and are appropriate where, as here, an attorney instructs a deponent not to answer questions and has no justifiable basis for doing so. *Layne Christensen Co. v. Bro-Tech Corp.*, Civ. A. No. 09–2381-JWL-GLR, 2011 WL 6934112, at *2 (D. Kan. Dec. 30, 2011).

00042524

An award of sanctions against Mr. Price is warranted in this case, as Mr. Price had no substantial justification for interfering with Pack's deposition. Moreover, as the deposition transcript demonstrates, Appellees' counsel made a good faith effort to obtain deposition answers from Pack without involving this Court. Indeed, counsel repeatedly asked Mr. Price for the opportunity to pose additional questions to Pack, indicating that such questions would be directly related to the bond issue. Mr. Price unequivocally refused, insisting that the only way the deposition would continue was if counsel provided Mr. Price with a list of questions for his approval. Mr. Price thus made it clear that without this Court's intervention, Appellees would not be permitted to obtain any further deposition testimony from Pack. On March 8, 2012, before filing this motion, Appellees again requested that Pack complete her deposition. Counsel for Pack again refused. Appellees therefore request that Mr. Price pay Appellees for their attorneys' fees incurred in preparing this motion and for the costs that they will incur for reconvening the deposition (travel costs and the court reporter fees). *See* concurrently submitted declarations attesting to the attorneys' fees incurred to prepare and file this motion.

## IV.      THE COURT SHOULD GRANT AN IMMEDIATE HEARING

Local Rule 7.1(e) permits the Court to waive the normal time requirements and grant an immediate hearing on any matter requiring an expedited procedure. This Court has followed these procedures and permitted immediate hearing where a completion of a deposition is sought. *Ferguson v. North Broward Hospital District*, No. 10-61606-CIV-COHN/SELTZER, 2011 U.S. Dist. LEXIS 52535 (S.D. Fla. May 17, 2011) (granting emergency motion to compel completion of deposition).

An expedited hearing is appropriate in this case. The completed deposition testimony is needed for Appellees to fully reply to Pack's opposition to the joint motion for appeal bond. As set

forth above, there were numerous questions and subject matters on which Pack refused to provide testimony. Expedited hearing is needed because Appellees reply brief to the appeal bond motion is due no later than April 5, 2012. Appellees therefore request that this motion be heard on an expedited basis and that Pack be ordered to complete her deposition no later than March 28, 2012.

### V.    CONCLUSION

Mr. Price has unjustifiably interfered with Appellees' attempt to obtain deposition testimony critical to the bond motion pending before this Court. Accordingly, Appellees respectfully request that the Court grant Appellees' motion to compel Pack to resume her deposition, to answer the specific questions identified in this motion, and to answer additional questions related to the bond issue. Pack should be ordered to complete her deposition no later than March 28, 2012.

Appellees further request that the Court order Mr. Price to pay Appellees' attorneys' fees and other expenses incurred in bringing this motion, as well as all travel-related costs and expenses incurred in connection with Pack's continued deposition.

DATED: March 8, 2012
THE WRIGHT LAW OFFICE, P.A.
s/WILLIAM C. WRIGHT
301 Clematis Street, Suite 3000
West Palm Beach, FL  33401
Telephone: 561-514-0904
Facsimile:  561-514-0905
willwright@willwrightlawoffice.com

Elaine A. Ryan, Esq.
Patricia N. Syverson, Esq.
BONNETT, FAIRBOURN,
 FRIEDMAN & BALINT, P.C.
2901 N. Central Ave., Suite1000
Phoenix, AZ 85012
Tel:  (602) 274-1100
Fax: (602) 798-5860
Email: eryan@bffb.com
Email: psyverson@bffb.com

Timothy G. Blood

00042524

11

                Thomas J. O'Reardon II
BLOOD HURST & O'REARDON, LLP
701 B Street, Suite 1700
San Diego, CA  92101
Telephone:  (619) 338-1100
Facsimile:  (619) 338-1101
Email: tblood@bholaw.com

Attorneys *for Plaintiff*

Dated:  March 8, 2012        AXINN VELTROP & HARKRIDER LLP
Behnam Dayanim

By:
    s/BEHNAM DAYANIM

90 State House Square, 9th Floor
Hartford, Connecticut 06103
Telephone: 860.275.8100
Facsimile: 860.275.8101
glg@avhlaw.com

*Attorneys for Defendant Mead Johnson & Company LLC*

00042524

12

**CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 8, 2012.

                                                  s/WILLIAM C. WRIGHT

                                                  THE WRIGHT LAW OFFICE, P.A.
301 Clematis Street, Suite 3000
West Palm Beach, FL  33401
Telephone: 561-514-0904
Facsimile:  561-514-0905
willwright@willwrightlawoffice.com