UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MDL NO. 11-MD-02222-COHN/SELTZER

IN RE:     ENFAMIL LIPIL MARKETING   )
           AND SALES PRACTICES       )
           LITIGATION                 )     MDL-2222
                                      )     CLASS ACTION

### SANDRA M. PACK'S RESPONSE TO MOTION TO COMPEL COMPLETION OF DEPOSITION

Class Member and Objector, Sandra M. Pack ("Ms. Pack") hereby responds to the Motion to complete her deposition [Doc. 106].

At the outset, it is significant to note that this Court has entered a final judgment in this case, which is the subject of a pending appeal before the United States Court of Appeals for the Eleventh Circuit. In fact, Ms. Pack's initial brief in that Court is due on March 26, 2012. The solitary issue now pending in this Court is whether Ms. Pack should be required to post an appeal bond, and if so, the amount of such a bond.

Significantly, throughout the proceedings between the filing of Ms. Pack's objection on August 24, 2011 [Doc. 61] and the Court's Final Order Approving Class Action Settlement on November 14, 2011 [Doc. 79], and continuing to the Court's entry of Final Judgment on January 9, 2012 [Doc. 87], Class Counsel made no effort whatsoever to seek or obtain discovery of any type from Ms. Pack or her counsel concerning her objection.

Nearly two months after Ms. Pack filed her Notice of Appeal [Doc. 81] from the Court's order approving the settlement, and only after Ms. Pack had referenced their failure to seek such discovery from her in her response to the motion to impose an appeal bond [Doc. 101], Class

Counsel[1] finally sought to take Ms. Pack's deposition, demand that she answer interrogatories and further demand that she produce documents. Even though there is no known authority under the federal rules for allowing discovery to occur at this stage of litigation absent an order from the court, counsel for Ms. Pack declined to seek a protective order or other relief from the court. Rather, her counsel attempted to work with Class Counsel in permitting *limited* discovery related to the appeal bond issue. Because Class Counsel only sought discovery from Ms. Pack *after* she filed her response to the bond motion, it was her counsel's understanding that her deposition would be limited to new "facts" set forth in response [Doc. 101)] – i.e. her financial ability to post the substantial bond requested. Ms. Pack has been (and remains) willing to answer questions regarding her finances and her ability and willingness to post the requested bond[2], as well as inquiries regarding any prior objections she has filed to a class action settlement.

Accordingly, Ms. Pack has agreed to answer interrogatories and respond to requests for production of documents which cover the finances of Ms. Pack (and her husband), as well as prior objections made by her and her counsel. Additionally, Ms. Pack has agreed provide her responses not less than 7 days before the responses are due under the rules of civil procedure.[3] It is respectfully urged that Ms. Pack's responses to these interrogatories and requests for documents should be more than adequate for Class Counsel's purposes, and this Court should thus limit ant discovery to responding to the interrogatories and request for documents. See,

---

[1] Ms. Pack's response focuses on the conduct and questioning of Class Counsel. Although Defendant has joined the motion, the subpoena for Ms. Pack's deposition was issued by Class Counsel, and consequently Ms. Pack's counsel communicated only with Class Counsel regarding the parameters of the deposition.

[2] This includes the five questions Class Counsel now suggests that it planned to ask at the deposition: (1) Mr. Pack's job and income, (2) Mr. and Mrs. Pack's combined family income, (3) whether Mrs. Pack has filed bankruptcy or defaulted on a loan, (4) whether she understood she could be required to pay costs if she loses her appeal, and (5) whether she is willing to post a $1,000 bond. [Doc. 106, page 9].

[3] Ms. Pack's agreement to shorten the time to respond was a condition imposed by Class Counsel in order for Ms. Pack's counsel to obtain a one-week extension to file her initial appellate brief in the Eleventh Circuit.

*Fed. R. Civ. P. 26(c)(1)(C)* authorizing the Court to "prescrib[e] a discovery method other than the one selected by the party seeking discovery."

Notwithstanding the foregoing, Class Counsel on the other hand insists on questioning Ms. Pack regarding issues unrelated to the bond issue – and seemingly intended to confuse the issues and/or to intimidate Ms. Pack into abandoning her appeal.[4]  Further, Class Counsel has surprisingly (and improperly) injected settlement discussions <u>initiated by Class Counsel</u> into the record in violation of Rule 408 of the Federal Rules of Evidence in an unabashed and unfair attempt to cast a negative light upon Ms. Pack and her counsel.

### I.   *Class Counsel exceeded the pre-deposition negotiated limits on the deposition.*

Discovery often requires cooperation and professionalism amongst adversary counsel. Indeed, there is "perceptible trend in the case law that insists that counsel genuinely attempt to resolve discovery disputes." *Newman v. Borders, Inc.,* 257 F.R.D. 1, 8, fn 3 (D.C.C. 2009) *citing Covad Comm'ns. Co. v. Revonet, Inc., 254 F.R.D. 147, 149 (D.D.C. 2008)* and *The Sedona Conference Cooperation Proclamation* (2008)[5].

Class Counsel, in plain recognition of their failure to match the good faith efforts of Ms. Pack's counsel to amiably resolve issues regarding Ms. Pack's deposition, conveniently omits from their Motion that counsel for Ms. Pack agreed to proceed with her deposition only after notifying Class Counsel William Wright that the questions must be *limited* to issues relevant to the appeal bond issue.  Otherwise, Mr. Price advised Mr. Wright that he would file a motion to

---

[4] For reasons unknown, Class Counsel videotaped Ms. Pack's deposition as well.
[5] The Cooperation Proclamation has been judicially endorsed by Hon. Barry L Garber and Hon. Robin S. Rosenbaum of the Southern District of Florida.  See, https://thesedonaconference.org/cooperation-proclamation.

quash the deposition subpoena. Attached hereto as <u>Exhibit 1</u> is an email from Mr. Price to Mr. Wright dated February 24, 2012 setting forth those limitations.[6]

Surprisingly, however, Mr. Wright did not attend the deposition, nor did any other lawyer on behalf of Class Counsel who was actually admitted to practice before this Court. Instead, Class Counsel sent Tennessee attorney Van Bunch of the law firm Bonnett, Fairbourn, Friedman & Balint. Although he filed a notice of appearance in this case [Doc. 103], Mr. Bunch does not appear to be member of this Court and has not been admitted *pro hac vice*.[7]

As demonstrated by the transcript filed by Class Counsel, contrary to the pre-arranged understanding between Mr. Price and Mr. Wright concerning the scope of Ms. Pack's deposition, Mr. Bunch's questions were unrelated to the bond issue. For example, Mr. Bunch asked Ms. Pack about her understanding of her role in the lawsuit, the contents of the objection filed on her behalf, and a settlement offer made by her counsel after her counsel was solicited for same by Class Counsel.[8] When the questions repeatedly exceeded the bounded of the attorneys' agreement, Mr. Price reminded Mr. Bunch of the pre-set limits, and *not once, but twice* asked Mr. Bunch to limit his questions to the bond issue. Only when Mr. Bunch refused for the third time did Mr. Price halt his client's deposition. And, even then, Mr. Price offered to proceed with the deposition if opposing counsel would provide the questions he planned to ask so Mr. Price could determine if the questions were related to the bond issue.

---

[6] Mr. Wright did not respond directly to this email, but did discuss other aspects of Ms. Pack's deposition and other discovery with Mr. Price.

[7] The extreme irony of Class Counsel allowing Mr. Bunch to participate in this matter without first being admitted should not go unnoticed. After all, it was Class Counsel who objected to Ms. Pack's Tennessee counsel filing an objection on her behalf without first being admitted *pro hac vice*.

[8] Any reference to the offer should be stricken from the record.

## II. This Court should not consider the merits of Ms. Pack's appeal in ruling on the bond motion

Class Counsel incorrectly states that Ms. Pack has conceded that the Court should consider the merits of her appeal in determining whether to impose a bond. Clearly, although she cited a decision which set forth factors courts consider in resolving the bond issue, Ms. Pack expressly argued in her opposition to the bond that the merits should not be considered and offered recent case authority for her argument: "Rule 7 does not provide that the Court should consider the merits of an appeal in determining whether to impose an appeal bond." [Doc. 101, page 7] (citing *In re Lawnmower Engine Horsepower Marketing & Sales Prac. Litig.,* 2010 U.S. Dist. LEXIS 123761, at *18-19 (E.D. Wisc. Nov. 2, 2010)).

## III. Even if the Court considers the merits of Ms. Pack's appeal, the questions posed by Class Counsel at Ms. Pack's deposition were not relevant to the merits and inappropriate under the Rules

In addition, the questions posed by Class Counsel were not relevant to the merits of the appeal.

Class Counsel's arguments on the merits of Ms. Pack's appeal are set forth in the *Joint Motion for Bond and Incorporated Memorandum of Law* (Doc. 96) at Section D (Pages 9-11). Specifically, Class Counsel avers that the Ms. Pack's appeal will not be successful because (1) although Ms. Pack asserts that the settlement is inadequate because the class could have received treble damages at trial, such damages are not available the Florida Deceptive and Unfair Trade Practices Act, (2) Ms. Pack's disapproval of the *cy pres* distribution is misplaced because class members will receive fully benefits under the settlement agreement before any *cy pres* distribution is made, an (3) the Court has discretion over the notice process, and the Court's decision is "subject only to the broad 'reasonableness' standards imposed by due process." *Joint Bond Motion and Incorporated Memorandum of Law* [Doc. 96, Page 12].

In her response, Ms. Pack asks the Court "be mindful of the novelty of this area of law, and that Ms. Pack presents substantive issues that could warrant additional consideration on appeal." *Pack Response to Bond Motion* [Doc. 101, Page 7]. Clearly, Ms. Pack's appellate issues – now before the Eleventh Circuit - are questions of law, the merits of which are wholly unrelated to the questions asked by Mr. Bunch at her deposition.

Make no mistake, the questions to which Mr. Price objected were not related to the merits of Ms. Pack's issues on appeal; rather they were part of what appears to be Class Counsel's on-going efforts to disparage and deride Ms. Pack's lawyers and coax her (and them) into abandoning her appeal. For instance, Ms. Pack's "understanding of [her] role in the lawsuit" has nothing whatsoever to do with the merits of her appeal. She may understand perfectly her role in the lawsuit, yet the Eleventh Circuit may rule against her. On the other hand, there may be intricacies of the appeal she does not fully understand, but the Eleventh Circuit may find in her favor. This is also true regarding the question of what Ms. Pack wants to see happen if her appeal is successful.

To be sure, Class Counsel's question about the settlement offer (Ex. 3 to Ms. Pack's deposition) is equally objectionable, if not more so. First, the offer is inadmissible under *Fed. R. Evid. 408*. Second, the written settlement offer was actually solicited by Class Counsel – apparently for the sheer purpose of manufacturing evidence to use against Ms. Pack. Not surprisingly, Class Counsel further fails to advise the Court that it was not Ms. Pack who initiated settlement discussions in this case; rather, Class Counsel approached Ms. Pack's attorneys immediately following the fairness hearing on September 26, 2011. See *Declaration of Dale P. DiMaggio*, attached hereto as Exhibit 2. Further, Class Counsel requested that the settlement offer be made in writing, even going so far as to suggest that the offer be phrased as

an "opening offer." See, Declaration of *Wallace Allen McDonald*, attached hereto as <u>Exhibit 3</u>. Evidently, the solicitation of an offer from Ms. Pack's counsel was nothing more than a ruse or pretext to secure the use of the actual settlement offer for a more sinister purpose.

Moreover, the settlement offer was not even referenced by Class Counsel in the bond motion, even though it was made approximately 4 months earlier; and of course, the offer was certainly was not part of Ms. Pack's reply. If Class Counsel truly deemed the offer relevant to their motion, it should have included it as part of its motion so that Ms. Pack could reply, rather than sandbagging Ms. Pack's counsel, as they did.

### IV. *Under the circumstances, Mr. Price acted appropriately in halting the deposition.*

Given what the undersigned considers highly contemptible tactics employed by Class Counsel, Mr. Price was well-justified in terminating the deposition. After agreeing to accept the deposition subpoena for Ms. Pack's deposition via email from Mr. Wright on February 23, Mr. Price emailed Mr. Wright the following day advising him of the limitations he expected at the deposition. At no time during the 6 days leading up to Ms. Pack's deposition did Mr. Wright or any other member of Class Counsel object to these limitations. If an objection had been made, Ms. Pack's counsel would have sought the Court's intervention to address the issue. What's more, although Mr. Bunch repeatedly exceeded those limitations[9], Mr. Price allowed him multiple opportunities to adhere to the pre-set limitations. Finally, Mr. Price proposed that Mr. Bunch provide the questions that were going to be asked in order for him to determine if the questions were truly *specifically related to the bond issue*, but Mr. Bunch declined Mr. Price's suggestion. By this point, it was plainly evident that neither Mr. Bunch nor Class Counsel

---

[9] At the end of deposition, Defendant's counsel, Gail Gottehrer, acknowledges that Mr. Bunch's questions were not related to the bond: "We may have additional questions <u>about the bond</u>," Page 34, Line 19; "we have additional questions <u>about the bond</u>," Page 35, Line 6; "we have questions specifically about the bond," Page 35, Line 20.

planned to abide by the pre-set limitations on the scope of the deposition, and it was after 4:30 p.m., such that it would have been impossible to seek the Court's guidance on whether the parties' agreement on the deposition limitations should be enforced.[10]  Accordingly, under the circumstances, there was no other reasonable alternative for Mr. Price than to protect his client by halting the deposition.

### V.     Sanctions should not be imposed against Ms. Pack's counsel.

Finally, sanctions should not be imposed against Ms. Pack's counsel.  Mr. Price made every conceivable effort to work with opposing counsel in defining limitations for Ms. Pack's deposition.  He understood that the parties had reached an agreement, but Class Counsel not only chose to ignore the limitations which had been arranged almost a week before the deposition occurred, but ultimately dispatched an attorney to depose Mr. Price's client who was not admitted to this case.

Furthermore, Class Counsel's time spent presenting the instant motion to the Court is no more than would have been expended if Ms. Pack had filed a motion to quash the subpoena, as Mr. Price's email (Exhibit 1) indicated he would do if Class Counsel sought to question Ms. Pack beyond the issues related to appeal bond.

---

[10] Courts regularly uphold agreements between counsel on discovery issues.  *See, e.g., Widevine Techs., Inc. v. Verimatrix, Inc.*, No. 2-07-CV-321, 2009 WL 4884397 (E.D. Tex. Dec. 10, 2009) (denying a motion to compel the production of documents outside of the date range agreed to by the parties, even though the documents might be responsive); *In re Classicstar Mare Lease Litig.*, MDL No. 1877, 2009 WL 260954 (E.D. Ky. Feb 2. 2009) (denying a motion to compel the production of documents in a format different from the one agreed to initially by the parties).

Respectfully submitted

        s/ James H. Price_____
James H. Price
W. Allen
249 North Peters Road, Suite 101
Knoxville, Tennessee  37923
(865) 246-0800

*Attorneys for Class Member Sandra M. Pack*
*Admitted Pro Hoc Vice*

Dale Paul DiMaggio
Fla. Bar #395,803
dpd@mhdpatents.com
Malin Haley DiMaggio Bowen & Lhota, P.A.
1936 South Andrews Ave.
Fort Lauderdale, FL, 33316
Phone:  (954) 763-3303
Fax:  (954) 522-6507

Local Counsel

CERTIFICATE OF SERVICE

    I hereby certify that on March14, 2012, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, who will send notice to all counsel and parties of record using the CM/ECF system and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mailing Notice List.

    Executed on March 14, 2012.

        s/ Dale Paul DiMaggio
        Dale Paul DiMaggio