**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| IN RE: ENFAMIL LIPIL MARKETING AND SALES PRACTICE LITIGATION MDL 2222 <br><br>THIS DOCUMENT APPLIES TO:<br><br>*Allison Nelson v. Mead Johnson Nutrition Company. et al.*<br>**No. 09-61625-CIV-COHN/SELTZER** | MDL 2222 (Cohn/Seltzer) |

**REPLY IN SUPPORT OF JOINT MOTION TO COMPEL OBJECTOR SANDRA PACK TO COMPLETE HER DEPOSITION AND ANSWER DEPOSITION QUESTIONS**

In opposing the Joint Motion to Compel, Pack's counsel has launched a variety of disparaging attacks on Class Counsel that are utterly baseless. For instance, Mr. Price grossly misstates the allegedly agreed-upon limitations for Pack's deposition. As Pack's own evidence demonstrates, the only limitation Mr. Price placed on Pack's deposition was that she be asked questions "relevant to the appeal bond issue." Pack's Response to Motion to Compel, Ex. 1. [DE 110-1] Class Counsel had every reason to believe that questions "relevant to the appeal bond issue" include, at a minimum, questions regarding the factors fully briefed by both parties in connection with the appeal bond motion. Indeed, Pack's own Opposition to the bond motion refers to these factors, in bold type, as "**Relevant Factors**." Opp. at 5. [DE 101] While Mr. Price claims that the merits of Pack's appeal should not be considered, Class Counsel has provided significant

1

authority to the contrary.  *See* Joint Motion for a Bond to Secure Costs on Appeal, at 6, 9. [DE 96] Thus, Mr. Price should simply have made his relevancy objections for the record and allowed Pack to answer merits-related questions during her deposition.[1]

Similarly, as Plaintiff made clear in her opening brief, Courts presume that appellants are financially able to post appeal bonds unless they demonstrate otherwise.  *In re Initial Pub. Offering Sec. Litig.*, 721 F.Supp. 2d 201, 213 (S.D.N.Y. 2010); *see also Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998) ("without any showing of [appellant's] financial hardship," the imposition of a bond is "not an impermissible barrier to appeal").  In her opposition brief, Pack's attorneys asserted that Pack "lacks the financial wherewithal" to post the bond requested by Appellees and that requiring her to post that bond "would create a serious financial hardship on her family."  The brief does not include a declaration from Pack herself attesting to these facts.  Since Pack's attorneys have now challenged the presumption that she is able to post the appeal bond, Appellees are entitled to question Pack about this through a deposition and to obtain answers from her under oath.

Additionally, in opposing the appeal bond, Pack's attorneys argue that "there is simply no evidence before this Court that supports the conclusion that Ms. Pack or her counsel will shirk their responsibility to pay any costs which might be assessed against them by the Eleventh Circuit if Ms.

---

[1] Mr. Price's sideshow concerning the allegedly improper appearance of Van Bunch at Pack's deposition is truly a non-issue. Mr. Bunch has complied with the procedures of this Court for multidistrict litigation by filing his Notice of Appearance. [DE 103]  *See* United States District Court, Southern District of Florida, *MDL FAQ's*, http://www.flsd.uscourts.gov/?page_id=2953 (last visited on 3/15/12) ("Attorneys admitted to practice and in good standing of the bar of any United States District Court will be admitted to practice in this litigation upon the filing of a Notice of Appearance in (1) the Master File and (2) the particular action(s) in which they seek to appear. The requirements of Rule 4 of the Special Rules Governing the Admission and Practice of Attorneys (contained in the Local Rules of the United States District Court for the Southern District of Florida) are waived.").  In any event, Class Counsel can certainly have another attorney of record conduct the continuation of Pack's deposition.

Pack's appeal is unsuccessful." Now that Pack's attorneys have taken that position, Appellees are entitled to question her about it under oath at a deposition. Pack's attorneys argue that Appellees' motion is premised "largely on mere speculation, base conjecture and guess-work rather than reliable evidence." While that is incorrect, because Appellees' motion is based on law, it is significant that Pack's attorneys are desperately trying to prevent Appellees from obtaining reliable evidence from Pack directly as to the risk that she would not pay their costs if her appeal is lost and her financial ability to post a bond - both factors that the Court will consider in deciding whether to require her to post a bond and the amount of that bond.

Mr. Price further attacks Class Counsel by attempting to infer a "sinister" purpose for engaging in settlement discussions with Ms. Pack. To the contrary, Class Counsel sought to commence settlement negotiations under the assumption that Pack would be willing to settle for some form of relief that would expand the benefits provided to the Class, as indicated by the arguments raised in her Statement of Objection to Proposed Settlement [DE 61]. Pack surprised counsel when she indicated that she would accept as settlement a payout of $150,000, with no additional benefits inuring to the Class. Upon receiving this information, Class Counsel recognized that Pack was not truly pursuing her appeal for the good of the Class, but instead was simply seeking a windfall for herself in the hopes that she would obtain a nuisance value settlement from Class Counsel.

Mr. Price's attempt to hide behind Rule 408 in an effort to avoid the ramifications of Pack's self-serving settlement offer is likewise unfounded. Rule 408 expressly provides that evidence of settlement negotiations may be admitted for purposes "such as proving a witness's bias or prejudice." Fed. R. Evid. 408(b). As set forth in the Joint Motion to Compel, evidence pertaining to

3

the settlement offer made by Pack and her counsel is highly relevant to establish their illicit motives in pursuing the appeal. The evidence is thus admissible under Rule 408. *See Rader v. ShareBuilder Corp.*, 772 F. Supp. 2d 599, 605 (D. Del. 2011) (noting that evidence of settlement offer admissible to prove that party was acting in bad faith, threatening and attempting to blackmail other party); *Jablonski v. St. Paul Fire & Marine Ins. Co.*, No. 2:07-cv-00386, 2009 WL 2252094, at *8 (M.D. Fla. July 24, 2009) (offers to compromise were admissible to prove that plaintiff acted unreasonably); *ESPN, Inc. v. Office of Comm'r of Baseball*, 76 F. Supp. 2d 383, 412-13 (S.D.N.Y. 1999) (evidence of settlement materials admissible to establish party's improper motive); *Resolution Trust Corp. v. Blasdell*, 154 F.R.D. 675, 681 (D. Ariz. 1993) (settlement negotiations admissible to prove improper motive in filing suit).

## CONCLUSION

As fully briefed in counsel's bond motion, this Court must consider several factors in determining whether to require Pack to post an appeal bond. The written discovery requests provided to Pack are narrowly tailored to address only some of these relevant factors. Thus, to supply a complete evidentiary foundation for the Court to fully and accurately assess all pertinent factors, Class Counsel respectfully requests that the Court compel Pack to resume her deposition and to answer all questions pertaining to issues raised in the appeal bond motion.

DATED: March 16, 2012                                THE WRIGHT LAW OFFICE, P.A.
                                                     WILLIAM C. WRIGHT

                                                         *s/William C. Wright*
                                                     301 Clematis Street, Suite 3000
                                                     West Palm Beach, FL  33401
                                                     Telephone: 561-514-0904
                                                     Facsimile:  561-514-0905
                                                     willwright@willwrightlawoffice.com

4

Elaine A. Ryan, Esq.
Patricia N. Syverson, Esq.
**BONNETT, FAIRBOURN,**
 **FRIEDMAN & BALINT, P.C.**
2901 N. Central Ave., Suite1000
Phoenix, AZ 85012
Tel:  (602) 274-1100
Fax: (602) 798-5860
Email: eryan@bffb.com
Email: psyverson@bffb.com

Timothy G. Blood
Thomas J. O'Reardon II
**BLOOD HURST & O'REARDON, LLP**
701 B Street, Suite 1700
San Diego, CA  92101
Telephone:  (619) 338-1100
Facsimile:  (619) 338-1101
Email: tblood@bholaw.com

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 16, 2012.

                          s/WILLIAM C. WRIGHT

                          THE WRIGHT LAW OFFICE, P.A.
                          301 Clematis Street, Suite 3000
                          West Palm Beach, FL  33401
                          Telephone: 561-514-0904
                          Facsimile:  561-514-0905
                          willwright@willwrightlawoffice.com