UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-MD-02222-COHN/SELTZER

IN RE: ENFAMIL LIPIL MARKETING
AND SALES PRACTICE LITIGATION
MDL 2222

_____/

ORDER ON MOTION TO COMPEL

THIS CAUSE is before the Court on the Joint Motion to Compel Objector Sandra Pack to Complete her Deposition and Answer Deposition Questions (DE 106) filed by Plaintiff Allison Nelson ("Nelson") and Defendant Mead Johnson & Co., LLC (collectively,"Movants"), Class Member and Objector Sandra Pack's Response (DE 110), and Movants' Reply thereto (DE 111). The Motion was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and Rule 1 of the Magistrate Rules of the Local Rules of the Southern District of Florida.

During the course of this litigation, Plaintiff Allison Nelson ("Nelson") and Defendant Mead Johnson & Company ("Mead Johnson") filed a Joint Motion for Preliminary Approval of Class Action Settlement (DE 25), which the District Court granted (DE 28). Subsequently, Plaintiff Nelson filed a Motion For Final Approval of Settlement and for Attorneys' Fees and Expenses (DE 54), and Defendant Mead Johnson filed a Memorandum in Support of Final Approval of Class Action Settlement (55). Class Member Sandra Pack ("Pack") filed a Statement of Objection to Proposed Settlement (DE 61), setting forth her reasons for objecting to the proposed settlement (DE 61). After conducting a fairness hearing (at which it overruled all class members' objections) (DE 78), on November 14, 2011, the District Court entered a Final Order Approving the Class Action

Settlement and Dismissing Cases with Prejudice (DE 79); the District Court subsequently entered a Final Judgment (DE 79). On December 13, 2011, Pack appealed the District Court's Final Order Approving the Final Settlement to the United States Court of Appeals for the Eleventh Circuit (DE 62).[1]

On February 8, 2012, Movants filed a Joint Motion for a Bond to Secure Payment of Costs on Appeal (DE 96), requesting that the District Court require Pack to post a cost bond (pursuant to Federal Rule of Civil Procedure 7) in the amount of $61,400.[2] The gravamen of their motion for a cost bond is that Pack's attorney is a professional, serial objector who filed a meritless appeal on behalf of Pack to extract a settlement in exchange for dismissing her appeal. On February 22, 2012, Pack responded (DE 101), objecting to the imposition of a cost bond. Pack contends, *inter alia*, that she is not financially able to post a bond in the amount sought by Movants. Movants' reply is due on April 5, 2012.

Movants thereafter served upon Pack a deposition subpoena. Pack states that even though no authority exists for taking discovery at this stage of the litigation, she agreed to give a limited deposition. Pack's attorney, James H. Price, conveyed that limitation in an email to Class Counsel, William C. Wright; the email reads in pertinent part:

> Ms. Pack can start the deposition at 4:00 p.m. in our offices on March 1. . . . [O]n behalf of Ms. Pack **we . . . object to and will do so formally [,] move to quash if necessary, the**

---

[1] One other class member and objector, Margaret Huter, has also appealed the District Court's approval of the settlement (DE 81). Although Movants request that a cost bond also be imposed against Huter, she is not implicated in the instant Motion.

[2] Movants estimate that the expenses they will incur in addressing the appeal will be $5,000; the remaining $56,400 sought is for the estimated administrative costs they contend they will incur due to the delay in distributing the settlement proceeds pending appeal.

> **deposition to the extent you plan to ask her questions beyond those relevant to the bond issue.** At this time the only issue before the Court. The record in this matter otherwise, is the record developed at the trial court level.
>
> If your intention is to question Ms. Pack beyond the issue of the appeal bond, it will be best for all of us for you to let me know that now so that I can move to quash the deposition before you make a trip to Knoxville.
>
> If however, you intention is to question her only about the issue of the appeal bond we will see you at 4pm on Thursday, March 1 at our offices.

February 24, 2012 email (DE 110-1) (emphasis added). Attorney Wright did not respond to attorney Price's email, but the attorneys did subsequently discuss other aspects of Pack's deposition.

Objector Pack's deposition commenced on March 1, 2012.[3] Shortly after the deposition began, the deponent's attorney (Price) objected on the ground of relevancy to two of Class Counsel's questions: "What is your understanding of your role in the lawsuit?" and "What is it you want to see happen if your appeal is successful?" Attorney Price also instructed Pack not to answer these questions. In asserting his objections, Attorney Price informed Class Counsel that he had made clear that Pack had agreed to be deposed only as to questions relating to "the efficacy of a bond" and that Class Counsel's questions went beyond the agreed-to parameters for the deposition. Attorney Price also cautioned Class Counsel that if he continued to question Pace as to matters unrelated to the bond, he (Price) would terminate the deposition.

---

[3] Class Counsel Wright did not attend the deposition; rather, he had a Tennessee attorney, Van Bunch, take the deposition on behalf of the Class. It is apparent from the deposition transcript that attorney Bunch was aware of the agreed-to "limitation." For ease of reference, the Court will hereinafter refer to attorney Bunch as "Class Counsel."

Class counsel's questioning of Pack continued.  However,  30 to 45 minutes into the deposition,[4] Class Counsel requested that Pack review "Exhibit 3 (DE 106-6)," which is an email from another of Pack's attorneys offering to settle Pack's objections for 4.5% of the fee awarded to Class counsel ($150,000).  Attorney Price instructed his client to not "waste your time" reviewing Exhibit 3 (the email).  The following colloquy then ensued:

> Mr. Price:  Van, I told you.  This has nothing to do with the bond, and if you want to ask her questions about the bond ask her or we're done.  That's your choice.
>
> Mr. Bunch:  Can I not ask her about Exhibit 3?
>
> Mr. Price:  No you can't.
>
> Mr. Bunch:  You're not going to let her answer?
>
> Mr. Price:  I'm not.
>
> Mr. Bunch:  And what's the basis for that?
>
> Mr. Price:  Because it has nothing to do with the bond, and that's what I told you, was the only questions that you were going to ask her today were about the bond.  I told you that before you ever came.
>
> Mr. Bunch:  Your response to the motion for the bond says that one of the issues is the merits to the appeal.
>
> Mr. Price:  We told you that the only issues that you would ask her about today were the bond, and you're going beyond that. Van, either you can ask her or we're going to stop.
>
> Mr. Bunch:  With all due respect, I think the judge might be interested in knowing whether or not the objector is holding up his settlement is in the role –

---

[4] Class counsel and attorney Price disagree as to how long Pack's deposition lasted.  Although the deposition transcript gives the starting time (4:07 p.m), it fails to note the time the deposition ended.

Mr. Price:  Now, Van –

Mr. Bunch:  – as an objector because of some genuine meritorious belief that she had that the settlement is inadequate.

Mr. Price:  You can gesticulate all you want, but we're here to ask her questions about the bond.  You've stopped.  You are not asking questions about the bond, so we're going to stop the deposition.

Ms. Gottehrer:  Why don't we take a break?  We may have additional questions about the bond.

Mr. Price:  No.  We're done.  I told you.

Ms. Gottehrer: You're not going to let us have additional questions about the bond?

Mr. Price:  I told you we were going to talk about the bond, and you all have chosen to go well beyond that time and time again.

Ms. Gottehrer:  Well, I'm telling you now that we have additional questions about the bond.  You're telling me you're refusing to let her answer those questions?

Mr. Price:  You had your opportunity to ask her those questions.  You've had over –

Ms. Gottehrer: We've been her for 30 minutes.

Mr. Price: You've been here for 45, and on several occasions I've told you to ask her questions about the bond, and you've chosen to go beyond that, so you've had your chance.

Ms. Gottehrer:  Well, but just to be on the record that we have additional questions specifically about the bond, you're refusing.  We've been here – you were late, so we started about 15 after, and we have not been here 45 minutes.  Will you give us five minutes to ask more questions, or are you going to end this deposition right now?

Mr. Price:  If you want to give me the list of questions you want to ask.

5

>Ms. Gottehrer: We're not going to give you a list of questions we may ask.
>
>Mr. Price: Then we're done.

Pack Dep. at 32-36 (DE 106-3).  Thereupon, Pack's deposition ended.

Movants now move the Court to compel Objector Pack to complete her deposition. They first argue that attorney Price's relevancy objections were not a legitimate basis for instructing Pace not to answer the deposition questions. Under Federal Rule of Civil Procedure Rule 30(c)(2), an attorney "may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Movants additionally argue that attorney Price improperly terminated Pack's deposition. Under Rule 30(d)(3), "at any time during a deposition, a deponent may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent . . . ." Fed. R. Civ. P. 30(d)(3). According to Movants, attorney Price did not terminate Pack's deposition for any of these reasons.[5]

Pack responds that her counsel was justified in terminating her deposition because Class Counsel exceeded the deposition limits that had previously been set. According to Pack, even though no authority exists for deposing her at this stage of the litigation, she refrained from filing a motion for protective order (or motion to quash the deposition subpoena); instead her attorney attempted to work with Class Counsel in permitting <u>limited</u>

---

[5] Arguably, attorney Price did terminate Pack's deposition because he believed that it was being conducted in bad faith, that is, questioning Pack on matters outside the agreed-to parameters of the deposition.

6

discovery related to the bond motion. Pack states that it was her attorney's understanding that her deposition "would be limited to new 'facts' set forth in her response [to her opposition to the motion for a cost bond] (Doc. 101) – i.e., her financial ability to post the substantial bond requested." Response at 2 (DE 11). According to Pack, another deposition is unnecessary, because she has agreed to answer interrogatories and respond to requests for production of documents (on an expedited basis) relating to her and her husband's financial ability to post a bond and her prior objections to the settlement.[6] Indeed, in a subsequent (recent) filing, Pack has represented that she has now fully and completely answered Movants' interrogatories and confirmed that she has no documents responsive to Movant's request for production. See Pack's Response in Opposition to Joint Motion for Extension of Time to File Reply to Joint Motion for Bond to Secure Costs on Appeal (DE 116).

Movants did not seek to depose Pack when she filed her objections to the class settlement during the litigation, nor did Movants seek to depose Pack before filing their motion for a cost bond. It was only after Pack appealed the District Court's approval of the class settlement and only after Pack had responded to their cost bond motion that Movants subpoenaed Pack for deposition. Movants, however, have failed to cite (nor is the Court aware of) any authority that permits discovery at this stage of the litigation. And the record does not reflect that Movants ever sought or received leave from the District Court to take discovery relating to the cost bond. This Court, therefore, will not compel Pack to complete a deposition that is not provided for by the Federal Rules of Civil Procedure and has never

---

[6] The Court notes that at her deposition Pack did testify as to her reasons for objecting to the class settlement.

7

been authorized by the Court.  Accordingly, the Joint Motion to Compel Objector Sandra Pack to Complete her Deposition and Answer Deposition Questions (DE 106) filed by Plaintiff Allison Nelson ("Nelson") and Defendant Mead Johnson & Co., LLC is DENIED.

DONE AND ORDERED in Fort Lauderdale, Florida, this 30th day of March 2011.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

All counsel of record