# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT



**AUG 21, 2012**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 21, 2012

Steven M. Larimore
United States District Court
400 N MIAMI AVE
MIAMI, FL 33128-1807

Appeal Number: 11-15956-EE
Case Style: Allison Nelson, et al v. Sandra Pack, et al
District Court Docket No: 0:11-md-02222-JIC

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

The enclosed certified copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6224

Enclosure(s)

MDT-1 Letter Issuing Mandate

UNITED STATES COURT OF APPEALS
For the Eleventh Circuit

_____

No. 11-15956
_____

District Court Docket No.
0:11-md-02222-JIC

ALLISON NELSON,
GINA MARTIN,
STUART KAPLAN,
MICHELLE WEEKS,
KATHERINE FRANCIS,
KIMBERLY PELKEY,
ARLENE PATRICK,
RENE RAMOS,
on behalf of themselves and all others similarly situated,

Consol. Plaintiffs,

SANDRA M. PACK,

Interested Party - Appellant,

versus

MEAD JOHNSON & JOHNSON COMPANY,

Defendant - Appellee,

MEAD JOHNSON & COMPANY,
MEAD JOHNSON NUTRITION COMPANY,
MEAD JOHNSON AND COMPANY, LLC,

Consol. Defendants - Appellees.

_____

Appeals from the United States District Court for the
Southern District of Florida
_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: July 20, 2012
For the Court: John Ley, Clerk of Court
By: Djuanna Clark

Mandate Issued:
August 21, 2012

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15956
Non-Argument Calendar
_____

D. C. Docket No. 0:11-md-02222-JIC

ALLISON NELSON, GINA MARTIN,
STUART KAPLAN, et al., on behalf of themselves
and others similarly situated,

                  Plaintiffs-Appellees,

SANDRA M. PACK,

                  Interested Party-Appellant,

versus

MEAD JOHNSON & JOHNSON COMPANY,
MEAD JOHNSON & COMPANY,
MEAD JOHNSON NUTRITION COMPANY,
MEAD JOHNSON & COMPANY, LLC,

                  Defendants-Appellees.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(July 20, 2012)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Appellant Sandra M. Pack objected in the district court to a proposed settlement of a nationwide class action that alleged misleading and deceptive trade practices by Defendant Mead Johnson & Johnson Company ("Mead Johnson"). The district court overruled Pack's objections and approved the settlement, and Pack appeals. After review, we affirm.

## I. PROCEDURAL BACKGROUND

To understand the objections, we set forth the history of the class action and the terms of the settlement agreement.

**A. Initial Class Action**

In 2009, Plaintiff Allison Nelson filed a putative class action against Mead Johnson asserting that it falsely represented that its Enfamil LIPIL was the only baby formula containing two fatty acids that promote brain and eye development in infants. Mead Johnson filed a motion to dismiss, which was granted in part and denied in part.

After discovery, Nelson moved for class certification. In 2010, following a hearing, the district court granted the motion and certified a class of all Florida consumers who purchased Enfamil LIPIL within the applicable statute of

limitations.

The parties mediated several times before a court-appointed mediator. On February 7, 2011, the parties notified the district court that they (1) had executed a memorandum of understanding to resolve the dispute on a nationwide class basis; (2) were preparing a stipulation of settlement; and (3) were continuing to mediate to memorialize formally the settlement terms. The parties noted that the settlement included several other cases filed around the country.

**B. Consolidation of Multidistrict Litigation**

On February 9, 2011, the Judicial Panel on Multidistrict Litigation transferred, to the Southern District of Florida, five other Enfamil class actions, which were consolidated with Nelson's case.

On March 15, 2011, with Defendant Mead Johnson's consent, Plaintiff Nelson filed an amended class action complaint that established a nationwide class action and asserted claims under various states' laws. That same day, Nelson and Mead Johnson jointly moved for (1) conditional class certification, (2) conditional designation of Nelson as class representative, (3) appointment of Nelson's counsel as lead counsel for the class, (4) preliminary approval of the terms of the parties' proposed settlement, (5) approval of the forms and methods for providing notice to class members, and (6) scheduling of a final hearing to approve the settlement.

**C. Settlement Terms**

In the settlement agreement, Mead Johnson consented to certification of a nationwide class action for purposes of settlement.  In exchange for dismissal of each class member's claims, Mead Johnson agreed to provide these benefits. Class members who purchased Enfamil LIPIL for six months or less would receive, at their option, either $6.00 in cash or one 12.5-ounce container of "Mead Johnson Product."[1]  Class members who purchased Enfamil LIPIL for more than six months would receive, at their option, either $12.00 in cash or two 12.5-ounce containers of "Mead Johnson Product."

The agreement caps the class payout at $12 million, as follows: "If the aggregate value of Mead Johnson Product (valued at retail) and cash actually claimed exceeds $12 million, then claims will be reduced pro rata, but in no event will those seeking Mead Johnson Product receive less than one 8-ounce container of Mead Johnson Product if falling within the six months or less category or two 8-ounce containers of Mead Johnson Product if falling within the greater than six months category."  The agreement also sets a minimum class payout of $8 million,

---

[1] The settlement agreement defines "Mead Johnson Product(s)" as "one or more Mead Johnson infant formulas and toddler food products.  The products will be either in liquid form or in powdered form for preparation and consumption in liquid form and are not solid foods."  The "Settlement Benefits" section of the agreement states, "The Mead Johnson Product to be provided shall be Mead Johnson Enfamil Premium Infant.  Class Members can submit only one claim per household."

as follows: "If the aggregate value of the Product (valued at retail) and the cash awards actually paid are less than $8 million, then the remainder shall be paid in Mead Johnson Products to appropriate charities to be agreed upon by Class Counsel and Defendant, and approved by the Court, pursuant to the cy pres doctrine."

The settlement agreement provides that: (1) Mead Johnson will pay all the costs of class notice and claim administration; (2) attorneys' fees and expenses "will be in addition to the other consideration to Plaintiff and the Class Members"; (3) class counsel will apply to the court for an award of attorneys' fees and expenses; and (4) Mead Johnson will pay attorneys' fees "in an amount not to exceed $3.5 million" and expenses not to exceed $140,000.00, for total fees and expenses not to exceed $3.64 million.

The settlement agreement also provides for "Plaintiff Incentive Awards," which are "in addition to the other consideration to Plaintiff and the Class Members." Plaintiff Nelson will receive an incentive award of $10,000.00, four named plaintiffs in the consolidated actions will each receive $2,500.00, and the remaining named plaintiffs in the consolidated actions will each receive $1,000.00.

On March 18, 2011, following a hearing, the district court preliminarily

approved the settlement and conditionally certified a settlement class of "[a]ll purchasers of Enfamil LIPIL infant formula in the United States between October 13, 2005, through and including March 31, 2010." The district court set an August 22, 2011 deadline for class members to object and set a final approval hearing for September 2011. The district court appointed Plaintiff Nelson as class representative, appointed class counsel, approved the form and method of class notice, and directed the claims administrator to publish the class notice and administer the claims.

**D. Objections and Final Approval Hearing**

Appellant Sandra Pack and ten other claimants filed timely written objections to the proposed class action settlement. At a September 26, 2011 fairness hearing, counsel for Appellant Pack appeared and reiterated her written objections. At the end of the fairness hearing, the district court overruled all of the objections and approved the settlement, as follows:

> The Court has reviewed the stipulation of settlement, the objections that were filed, the arguments of counsel here this morning.
> In addition, the Court has considered the six relevant factors set forth in [Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir. 1984)].
> And the Court finds that the settlement achieved in this multi-district litigation case is fair, reasonable, and adequate and is not the product of collusion.
> The Court respectfully overrules each of the objections raised by each of the objectors.
> There is a strong judicial policy favoring settlement as a

realization that compromise is the essence of settlement.

Counsel for all parties appear to have performed their duties diligently.

The parties' extensive submissions are highly detailed and demonstrate why the settlement is fair and reasonable.

**E. Final Approval Order**

On November 14, 2011, the district court approved the settlement and dismissed the class members' claims with prejudice. In its order, the district court found that (1) Plaintiff Nelson "initiated the Action, acted to protect the Class, and assisted her counsel"; (2) "[t]he efforts of Class Counsel have produced the Stipulation entered into in good faith, . . . which provides a fair, reasonable, adequate and certain result for the Class"; and (3) class counsel's application for attorneys' fees and costs is "fair, reasonable, and justified under the circumstances." The district court awarded class counsel $3.5 million in attorneys' fees and $140,000.00 in costs and awarded the plaintiffs the above incentive payments.

**F. Appeal**

Pack appealed.[2] Both Plaintiff Nelson and Defendant Mead Johnson then moved the district court to require Appellant Pack to post a bond pending appeal. Plaintiff Nelson argued that counsel for Appellant Pack was a "professional

---

[2] One other objector also appealed, but that objector voluntarily dismissed her appeal with prejudice.

objector" who was "attempting to extort money from the parties in exchange for a dismissal of [her] appeal[]."

The district court imposed an appeal bond of $1,000.00. Notably, the district court found little merit to the appeal and found significant evidence of bad faith on the part of Appellant Pack. The district court noted that Pack's counsel offered to withdraw her appeal for $150,000.00, suggesting that her "objections are tied to her ability to garner a windfall for herself rather than ensuring an adequate settlement for the class." The district court described further evidence of bad faith, as follows:

> [T]he Court agrees that there is evidence of bad faith on the part of Pack. Pack is represented by her brother's law firm. When questioned regarding whether she had a retention agreement with her brother's law firm, Pack stated that she did not sign a retainer agreement with the firm. Pack also admitted that she had never read any documents concerning this litigation. Given Pack's close familial relationship with one of the attorneys representing her, the Court finds Pack's lack of knowledge about her own case worrisome and evidence of her lack of good faith. . . . Finally, the Court agrees with the parties that the representation of three previous objectors by [Pack's counsel] weighs in favor of requiring an appeal bond in this case.

## II. DISCUSSION

On appeal, Pack argues that the district court abused its discretion by approving the class action settlement. We review for abuse of discretion the district court's approval of a class action settlement agreement. Leverso v.

8

SouthTrust Bank of Ala., 18 F.3d 1527, 1531 (11th Cir. 1994). Federal Rule of Civil Procedure 23(e) provides no standards for such approval. Nevertheless, before approving a settlement, the district court must find that it "is fair, adequate and reasonable and is not the product of collusion between the parties." Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir. 1984) (internal quotation marks omitted). "[O]ur judgment is informed by the strong judicial policy favoring settlement as well as by the realization that compromise is the essence of settlement." Id.

In determining whether the class action settlement is fair, reasonable, and adequate, the district court considers these factors:

> (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.

Id. In considering the settlement, the district court may rely upon the judgment of experienced counsel for the parties. Cotton v. Hinton, 559 F.2d 1326, 1330 (5th Cir. 1977).[3] Absent fraud, collusion, or the like, the district court "should be hesitant to substitute its own judgment for that of counsel." Id. The court should

---

[3] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

examine the settlement in light of the objections, and provide a reasoned response to those objections. Id. at 1331.

Here, the district court did not abuse its discretion by approving the settlement agreement as fair, adequate, and reasonable. The record shows that the district court properly considered the pertinent factors, explained its findings, and addressed Pack's objections. Although Pack argues that the district court failed to "provide its reasoning for overruling the objections," the district court gave Pack the opportunity to argue her objections at the hearing, and the district court explained why those objections were without merit. Specifically, Pack's objections to the inadequacy of the settlement consideration and the allocation of the settlement proceeds were conclusory and failed to account for other pertinent considerations, including the plaintiffs' risk of losing at trial.

The district court also did not abuse its discretion in overruling Pack's objection to the potential cy pres distribution. Although Pack argued that cy pres was inappropriate unless all class members were fully compensated, Pack made no attempt to show what "full compensation" to each class member would include. In any event, the settlement provides for the cy pres distribution only if the total amount claimed is less than $8 million. And, because the settlement provides for pro rata reduction in claims only if the total amount of claims exceeds $12 million,

10

each class member will receive the "full compensation" provided by the settlement before a cy pres distribution occurs. The cy pres distribution was a permissible method to distribute unclaimed settlement funds. See In re Pharm. Indus. Average Wholesale Price Litig., 588 F.3d 24, 34 (1st Cir. 2009) ("[C]ourts are not in disagreement that cy pres distributions are proper in connection with a class settlement, subject to court approval of the particular application of the funds." (internal quotation marks omitted)); Nelson v. Greater Gadsden Hous. Auth., 802 F.2d 405, 409 (11th Cir. 1986) (in class action involving utility allowances to tenants in a public-housing complex, affirming district court order providing that the defendant use any unclaimed compensatory damages to increase the energy efficiency of the apartment units at the complex).

Finally, the district court did not abuse its discretion by approving the attorneys' fee provisions. Pack's argument that the notice of the fees was inadequate is belied by the fact that several class members, including Pack, responded to the class notice by submitting written objections to the attorneys' fee provisions in advance of the final approval hearing. Additionally, Pack's argument that the attorneys' fee provisions "bear[] indicia of collusion" is wholly unfounded. The settlement agreement was the result of extensive arms-length negotiations moderated by a court-appointed mediator. Pack's objection to the

amount of the fee is likewise without merit. The $3.64 million fee award is approximately 25% of the "common fund," and "well-settled law from this court [states] that 25% is generally recognized as a reasonable fee award in common fund cases." Faught v. Am. Home Shield Corp., 668 F.3d 1233, 1243 (11th Cir. 2011).

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 20, 2012

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 11-15956-EE
Case Style: Allison Nelson, et al v. Sandra Pack, et al
District Court Docket No: 0:11-md-02222-JIC

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, each party to bear own costs.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Lois Tunstall, EE at (404) 335-6224.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs